IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,        :        Case No. 3:10-cr-039
                                                    Also Civil Case No. 3:13-cv-236

                                                     District Judge Thomas M. Rose
    -vs-                                    Magistrate Judge Michael R. Merz
                                                    :

CHUKWUEMEKA O. EZIOLISA,

       Defendant.        :

## REPORT AND RECOMMENDATIONS

Defendant Chukwuemeka Eziolisa bring this § 2255 action to obtain relief from his conviction in this Court on Count 2 of the Information in this case. He relies on the recent decision of the United States Supreme Court that any fact that increases the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury. *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), overruling *Harris v. United States,* 536 U.S, 545 (2002).

The case is referred to the undersigned pursuant to the General Order of Assignment and Reference for the Dayton location of court. It is before the Court for review under Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to

> notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

## Procedural History

On December 30, 2009, Eziolisa was charged with two counts of armed bank robbery and two counts of using a firearm during a crime of violence (Complaint, Doc. No. 1).  After appointment of counsel, he entered into a Plea Agreement to plead guilty to one of the counts of armed bank robbery and one of the firearms counts (Information, Doc. No. 19; Plea Agreement, Doc. No. 24).  On referral from Judge Rose, the undersigned conducted the plea colloquy and recommended that the Plea Agreement and guilty pleas be accepted (Report, Doc. No. 25).  No objections were filed and the Report was adopted (Doc. No. 26).  On June 22, 2010, after receiving and considering a presentence investigation report, Judge Rose sentenced Eziolisa to the term he is now serving.

Eziolisa filed his first § 2255 Motion on July 8, 2011 (Doc. No. 42).  After considering Eziolisa's Objections to the Report and Recommendations, Judge Rose dismissed that Motion (Doc. No. 48).  Both Judge Rose and the Sixth Circuit denied a certificate of appealability *Id.;* (6th Circuit Order, Doc. No. 56).  The instant Motion followed.

## Defendant's Claim

Eziolisa asserts he is entitled to relief because he was sentenced by Judge Rose to the seven-year mandatory minimum sentence on Count 2, the firearms count, which applies when

2

the forearm has been "brandished" in the course of committing the underlying crime of violence. A violation of 18 U.S.C. § 924(c)(1)(A) carries a mandatory minimum consecutive sentence of five years imprisonment unless the element of brandishing is found, which raises the mandatory consecutive minimum to seven years under 18 U.S.C. § 924(c)(1)(A)(ii). Under *Alleyne*, Eziolisa claims, the element of brandishing must be found by a jury, and here it was not.

## Statute of Limitations

28 U.S.C. § 2255(f) adopts a one-year statute of limitations for § 2255 motions with four possible starting dates. Eziolisa relies on (f)(3) which runs the statute from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Eziolisa contends that the retroactivity question must be decided in the first instance by the District Court, relying on *Wiegard v. United States*, 380 F.3d 890 (6th Cir. 2004)(Motion, Doc. No. 57, PageID 259). That is a correct reading of *Wiegard*, so this Court must decide if *Alleyne* creates a new right which is retroactively applicable to cases on collateral review. *Alleyene* itself does not include or imply such a recognition because the Supreme Court decided it on direct review.

*Alleyne* is the latest in a series of cases following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a

3

jury, and proven beyond a reasonable doubt." See *Blakely v. Washington*, 542 U.S. 296 (2004) (handed down June 24, 2004)(Any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt); *United States v. Booker*, 543 U.S. 220 (2005)(*Apprendi* renders the mandatory nature of the United States Sentencing Guidelines unconstitutional).

In *Lang v. United States,* 474 F.3d 348, 353 (6th Cir. 2007) and *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply to cases pending on collateral review. Under *Teague*, *Booker* does not constitute a new rule because it was not dictated by *Blakely*. It plainly does not fall within the first *Teague* exception for rules forbidding punishment of certain primary conduct.

> The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt[that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception.

*Humphress*, 398 F.3d at 862, *quoting Beard v. Banks*, 542 U.S. 406, 417 (2004). In *Beard v. Banks*, the Court went on to say that *Gideon v. Wainright,* the Supreme Court case which recognized the right to appointed counsel in felony cases, might qualify under *Teague's* second exception, but *Batson*, which forbade intentional racial discrimination in the exercise of peremptory jury challenges, would not. See also *Valentine v. United States*, 488 F.3d 325 (6th

4

Cir. 2007), holding that *Booker* does not apply on collateral review ("*Booker* created a 'new rule' that could not be raised by defendants whose convictions became final at any time prior to *Booker's* January 12, 2005, issuance").

Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989). "Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994). A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). The rule in *Crawford v. Washington,* 541 U.S. 36 (2004), is a new rule, but does not fall within the "watershed" exception to *Teague*. *Whorton v. Bockting*, 549 U.S. 406 (2007). As of February 28, 2007, the date *Whorton* was decided, the only rule the Supreme Court has identified as qualifying under the "watershed" exception is that adopted in *Gideon v. Wainwright,* 372 U.S. 335 (1963). *Apprendi* itself does

5

not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure. *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002).

*Alleyne* plainly does not place any primary conduct beyond the power of the United States to punish or interpret a federal statute as not reaching certain conduct at all. And it also does not adopt a "watershed" rule. Therefore *Alleyne* does not apply retroactively to Eziolisa's case so as to extend the statute of limitations to his filing date.[1]

### Facts Admitted by Plea of Guilty Fall Outside *Apprendi*

A second barrier to relief is that the *Apprendi* line of cases does not apply at all to facts admitted by a defendant. When a defendant makes a valid waiver of jury trial, there is no occasion for any jury to make any finding in the case. And where a defendant goes further and admits the fact upon which the enhanced sentence depends, there is no occasion for a jury to find that fact either. *Compare Blakely, supra*, where the defendant admitted the facts required for conviction but not the facts necessary for sentence enhancement. In the Statement of Facts attached to the Plea Agreement, Eziolisa admitted "[t]he defendant demanded money from the credit union's employees while pointing the handgun ["namely, a silver Bryco Jennings .380 caliber handgun] at them, and thereby stole approximately $5,773 of the credit union's cash." (Plea Agreement, Doc. No. 24, PageID 61.) Because Eziolisa admitted the element of brandishing, there was no need to prove it to a jury.

During the plea colloquy, Eziolisa admitted the truth of the Statement of Facts (Transcript, Doc. No. 36, PageID 112). The Magistrate Judge informed him that the second

---

[1] Because Eziolisa pleads what he believes is a new right, the instant Motion is not barred by the second or successive bar of § 2255(h).

6

count in the Information required a mandatory minimum sentence of seven years, not five, consecutive to the armed bank robbery sentence. *Id.* at PageID 113. Eziolisa said he understood. *Id.* at PageID 114.

Because Eziolisa knowingly, intelligently, and voluntarily admitted the act of brandishing upon which the mandatory minimum sentence of seven years was predicated, his claim under *Apprendi* and *Alleyne* is without merit.

## Right to Collaterally Attack the Sentence Waived

Finally, the § 2255 Motion should be dismissed because Eziolisa waived his right to file a collateral attack under § 2255. Paragraph 17 of the Plea Agreement provides "Defendant waives the right to challenge his conviction and sentence, whether by direct appeal, habeas petition, or otherwise." *Id.* at PageID 59.

Eziolisa says the waiver does not apply to a § 2255 collateral attack because "habeas petition" is defined as a § 2241 Petition (Motion, Doc. No. 57, PageID 259). He is correct that § 2241 codifies the right of a federal prisoner to file a petition for writ of habeas corpus. The § 2255 motion was adopted to replace the habeas corpus petition in 1948 because of congestion of habeas petitions in districts of imprisonment. But the collateral attack under § 2255 comes within the "or otherwise" language of the Plea Agreement. This point was already decided against Eziolisa when his first § 2255 Motion was dismissed (See Doc. Nos. 44, 46, 48).

7

**Conclusion**

Eziolisa's instant § 2255 Motion should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

July  22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).