# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:10-cr-39 |
| - vs - | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael R. Merz |
| CHUKWUEMEKA O. EZIOLISA, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS ON RULE 60(b)(1) MOTION

This case is before the Court on Defendant's "Motion to Grant Rule 60(b)(1) Petition" Doc. No. 59).

On July 19, 2013, Defendant filed his "Motion to Grant 28 U.S.C. § 2255 P 6 (3)." (Doc. No. 57). Because the document was clearly labeled as seeking relief under 28 U.S.C. § 2255, the Magistrate Judge treated it as a motion to vacate. A pending Report and Recommendations (Doc. No. 58) recommends that it be dismissed with prejudice under Rule 4 of the Rules Governing § 2255 Motions because:

(1) Eziolisa had previously filed a § 2255 Motion (Doc. No. 42) which had been dismissed with prejudice and the case on which he relied *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), did not recognize a new right applicable on collateral attack so as to take that Motion outside the prohibition on successive § 2255 motions or re-start the one-year statute of limitations;

1

>   (2) The *Apprendi* line of cases, of which *Alleyene* is the latest, did not apply to facts admitted as part of a plea colloquy; and
>
>   (3) Eziolisa had, in any event, waived his right to collaterally attack his conviction.

Eziolisa was advised that he had until August 8, 2013, to file objections to the Report (Doc. No. 58 at PageID 274).

As of August 13, 2013, Eziolisa has not filed any objections.[1] Instead, he has filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b). In it he alleges the prior final judgment on his first § 2255 Motion should be reopened because the Court did not address his claim of ineffective assistance of trial counsel by reason of trial counsel's "failure to object to assessed criminal history points for petty theft and driving without consent." (Motion, Doc. No. 59, PageID 276.) He asserts this is a "true" Rule 60(b) motion because it attacks the integrity of the prior judgment and thus avoids the bar on second or successive § 2255 motions, relying on of *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *Id.* Finally, Eziolisa asserts this claim is outside the waiver of collateral attack in the Plea Agreement. *Id.* at PageID 276-77.

On July 8, 2011, the Magistrate Judge recommended that Eziolisa's first § 2255 Motion (Doc. No. 42) be dismissed in its entirety, including all claims made therein, because it was barred by the following language in the Plea Agreement:

>   **LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK**
>
>   17. Defendant waives the right to challenge his conviction and sentence, whether by direct appeal, habeas petition, or otherwise. This includes but is not limited to a waiver of the right under 18 U.S.C. § 3742 to appeal the sentence. Notwithstanding the foregoing, Defendant retains the right to appeal his sentence if the United States appeals the sentence, or if the Court:

---

[1] If he deposited them in the prison mailing system by August 8, 2013, and they are deemed timely as of that date, they have not yet reached the Clerk's Office.

> • imposes a sentence above the statutory maximum;
> • imposes a sentence above the applicable advisory Sentencing
> Guidelines range as determined by the Court;
> • departs upward under the Sentencing Guidelines in offense level
> or criminal history category and imposes a sentence above the
> Sentencing Guidelines range that would have
> applied but for the upward departure, or
> • determines a Sentencing Guidelines enhancement in the nature of
> a specific offense characteristic or upward adjustment applies,
> which was not agreed to by the parties and was objected to by
> Defendant, and imposes a sentence above the Sentencing
> Guidelines range that would have applied but for the enhancement.

(Report, Doc. No. 44, at PageID 202-03, quoting Plea Agreement, Doc. No. 24, PageID 59.)

Eziolisa objected that the waiver did not apply to jurisdictional error or ineffective assistance of trial counsel claims, relying on *In re Acosta*, 480 F.3d 421 (6th Cir. 2007) (Objections, Doc. No. 45). He made no objection that the Report failed to deal with all of his claims. *Id.* In a Supplemental Report and Recommendations, the Magistrate Judge distinguished *Acosta* (Supplemental Report, Doc. No. 46, PageID 211). Judge Rose adopted both Reports over Mr. Eziolisa's Objections (Doc. No. 48). The Sixth Circuit subsequently denied Eziolisa a certificate of appealability (Doc. No. 56).

**Analysis**

Eziolisa's Rule 60(b) Motion should be denied for all of the following reasons.

First of all, the Rule 60(b) Motion is untimely. A motion for relief from judgment under Fed. R. Civ. P. 60(b)(1) must be brought within one year of the date of the judgment from which relief is sought. Fed. R. Civ. P. 60(c). Final judgment on Eziolisa's first § 2255 Motion was

entered on December 2, 2011 (Doc. No. 53). The instant 60(b)(1) Motion was not filed until August 4, 2013,[2] far more than twelve months later.

Second, the Rule 60(b) Motion is without merit. While this Court did not rule on the merits of Eziolisa's claim of ineffective assistance of trial counsel, it certainly held Eziolisa was not entitled to a decision on the merits because he had waived the right to make a collateral attack on the judgment in his Plea Agreement. Thus this Court did not make a "mistake" such as one that could be brought to its attention and corrected under Fed. R. Civ. P. 60(b)(1). Instead, it very intentionally did not reach the merits of that claim.

It is now the law of the case that Eziolisa's ineffective assistance of trial counsel claim is within the scope of his waiver in the Plea Agreement. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶ 0.404 (1982); *Patterson v. Haskins*, 470 F.3d 643, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, *citing Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995). "While the 'law of the case' doctrine is not an inexorable command,

---

[2] The Motion asserts it was actually mailed on August 4, 2013. Because Defendant is incarcerated, that counts as the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

a decision of a legal issue establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), quoted approvingly in *Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6th Cir. 1995). The doctrine applies with equal force to the decisions of coordinate courts in the same case and to a court's own decisions. *Christianson v. Colt Industries,* 486 U.S. 800, 816 (1988).

Eziolisa has given no satisfactory reason to undermine the law of the case on this point. He quotes the Plea Agreement language permitting collateral attack if the Court:

> • imposes a sentence above the applicable advisory Sentencing
> Guidelines range as determined by the Court;
>
> • determines a Sentencing Guidelines enhancement in the nature of
> a specific offense characteristic or upward adjustment applies,
> which was not agreed to by the parties and was objected to by
> Defendant, and imposes a sentence above the Sentencing
> Guidelines range that would have applied but for the enhancement.

(Plea Agreement, Doc. No. 24, PageID 59.) Eziolisa's attack on his counsel's performance makes the claim that counsel failed to object to the "counting" of two misdemeanor convictions (shoplifting and driving without the owner's consent), which is on the criminal history side of the Guideline calculation, not the offense characteristic side. Moreover, defense counsel did ask that these misdemeanor convictions not be counted and Judge Rose found that the proper criminal history category was I, not II as recommended by the Probation Department and requested by the United States Attorney (See Sentencing Transcript, Doc. No. 37, PageID 146). Thus Eziolisa's

5

ineffective assistance of trial counsel claim is both barred by the Pleas Agreement and without merit.

Eziolisa's Rule 60(b)(1) Motion should therefore be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Augudt 13, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).