# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:10-cr-39 |
| - vs - | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael R. Merz |
| CHUKWUEMEKA O. EZIOLISA, | : | |
| Defendant. | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 67) to the Magistrate Judge's Report and Recommendations (Doc. No. 58), recommending that Defendant's § 2255 Motion (Doc. No. 57) be denied. Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 68).

Eziolisa's first objection is that he never received a copy of the Report and Recommendations (Doc. No. 58). The docket corroborates this claim. The Report was sent to Eziolisa at the Gilmer Federal Correctional Institution at Glenville, West Virginia (See Notice of Electronic Filing for July 22, 2013). Eziolisa's correct address is FCI Milan in Milan, Michigan. Although this piece of mail has not been returned by the Postal Service, it was a clerk's error to send it to FCI Gilmer and Eziolisa's Objections should be treated as timely made. Therefore the Order Adopting the Report and Recommendations and the Judgment entered thereon (Doc. Nos. 62 and 64) should be VACATED.

On the merits, Eziolisa objects for three reasons which will be examined in turn.

1

First, Eziolisa claims his instant § 2255 Motion (Doc. No. 57) is timely under § 2255(f)(3) because *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), created a new right which is applicable to cases on collateral review.

In the Report, the Magistrate Judge agreed with *Eziolisa* that this Court must decide the retroactivity question in the first instance. (Report, Doc. No. 58, PageID 269, relying on *Wiegard v. United States,* 380 F.3d 890 (6th Cir. 2004).) The Report also agreed with Eziolisa that *Alleyne* created a new right because it expressly overruled prior controlling Supreme Court precedent, *Harris v. United States,* 536 U.S, 545 (2002). *Id.* at PageID 271. However, the Report also found that *Alleyne* did not come within either of the two narrow exceptions regarding applying a new rule to cases on collateral review because it did not (1) "place any primary conduct beyond the power of the United States to punish," (2) did not "interpret a federal statute as not reaching certain conduct at all," and (3) was not a "watershed" rule within the meaning of *Teague v. Lane*, 489 U.S. 288, 301 (1989). (Report, Doc. No. 58, PageID 271-72.)

Second, Eziolisa "argues firmly that *Alleyne* applies to plea negotiations and is therefore applicable to the guilty plea conviction in the case at bar" and that therefore the element of "brandishing a firearm," which produced an enhanced penalaty in this case "must be found by the jury beyond a reasonable doubt." (Objections, Doc. No. 67, PageID 309.) In contrast, the Report found that facts admitted in a guilty plea fall outside the *Apprendi* line of cases, of which *Alleyne* is the latest (Report Doc. No. 58, PageID 272).

Eziolisa objects that because he was not advised of his Sixth Amendment right to a jury verdict on the mandatory minimum sentence, his plea is invalid.[1] (Objections, Doc. No. 67, PageID 309), citing *Bousley v. United States,* 523 U.S. 614 (1998). There are many fallacies

---

[1] Ezioliosa makes no response to the point that an admission in a plea colloquy substitutes under *Blakely v. Washington,* 542 U.S. 296 (2004), for a jury verdict, provided there is a valid jury waiver.

2

with this argument. First of all, *Bousley* itself holds that the voluntariness and intelligence of a plea can be challenged on collateral attack only if first challenged on direct appeal. *Id.*, *citing Reed v. Farley*, 512 U.S. 339, 354 (1994). Eziolisa did not do so. Second, Eziolisa ignores the content of the plea colloquy, where he admitted pointing the gun at the credit unions' employees and where it was explained to him that the admission of brandishing would indeed increase the mandatory minimum sentence on Count 2 to seven years (Transcript, Doc. No. 36, PageID 114). Last, Eziolisa misses the fact that his plea was taken before the undersigned Magistrate Judge who recommended that the plea be found to be knowing, intelligent, and voluntary (Report, Doc. No. 25). Eziolisa made no objections and Judge Rose adopted that Report (Order, Doc. No. 26). Failure to object to a report and recommendations waives error. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

**Conclusion**

Eziolisa's Objections are timely because he was not properly sent a copy of the Report. Therefore the Order Adopting the Report and Recommendations and the Judgment entered thereon (Doc. Nos. 62 and 64) should be VACATED.

However, the Objections are without merit. *Alleyne* does not apply retroactively to cases on collateral review. Even if it did, it would not authorize relief here because Eziolisa admitted the fact – brandishing a firearm – which raised the mandatory minimum on Count 2 from five to seven years.

Because reasonable jurists would not disagree with these conclusions, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 5, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).