IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:10-cr-039
                                     Also 3:11-cv-236

                                     District Judge Thomas M. Rose
- vs -                         Magistrate Judge Michael R. Merz

CHUKWUEMMEKA O. EZIOLISA,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's "Motion to Grant § 2255(f)(4)" (Doc. No. 77).

This is Eziolisa's third-in-time § 2255 Motion. Prior Motions were filed July 8, 2011, and July 19, 2013 (Doc. No. 42 and 57). Both were denied and the Sixth Circuit denied certificates of appealability (Doc. Nos. 56 and 76). As to the second § 2255 Motion, the court of appeals wrote:

> Initially, we note that the district court did not consider the issue whether Eziolisa's second § 2255 motion constituted a successive motion. The district court should have transferred the second § 2255 motion to this court for a determination whether Eziolisa was entitled to an order authorizing the district court to consider a second § 2255 motion to vacate. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Eziolisa's second § 2255 motion asserted a new challenge to his conviction and sentence, as opposed to a challenge to any irregularity in the original § 2255 collateral proceedings in

1

> the district court, and therefore, it constituted a successive § 2255 motion. Therefore, we construe Eziolisa's appeal from the district court's order denying the § 2255 motion as an application for an order authorizing the district court to consider a second or successive § 2255 motion.\

*Eziolisa v. United States,* Case No. 13-4344 (6th Cir. Sep. 19, 2014)(unreported, copy at Doc. No. 76). Cautioned by this prior decision of the Sixth Circuit, this Court must decide first whether the instant Motion is a second or successive § 2255 motion.

In general, if a second-in-time or later § 2255 motion asserts a new challenge to the conviction or sentence, it must be transferred to the circuit court for a determination of whether the movant will be allowed to proceed. 28 U.S.C. § 2255(h). A District Court lacks jurisdiction to consider a second or successive § 2255 motion without prior approval of the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007). On the other hand, the question whether a particular § 2255 motion is second or successive must be decided in the first instance by the District Court, which cannot defer that decision to the circuit court. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

If a purported motion for relief from judgment attacks the underlying conviction rather than the district court's judgment denying habeas corpus or § 2255 relief, it should be transferred to the circuit court for permission to file. *United States v. Alford*, Case No. 11-4067 (6th Cir. Nov. 12, 2013)(unreported, copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Here the Court faces the obverse situation: Eziolisa has labeled his filing as a § 2255(f)(4) Motion, but it in fact attacks the integrity of the prior judgment denying his first § 2255 Motion. It is therefore properly cognizable in this Court as a Fed. R. Civ. P. 60(b) motion under *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In that case the Supreme Court held that a Rule

2

60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz v. Bennett*, 531 U.S. 4 (2000)). The Supreme Court held this was a proper use of Rule 60(b) and the district court could reach the merits of the 60(b) motion without precertification by the court of appeals. Presumably, if a litigant incorrectly labels his filing as a § 2255 motion but it is in fact cognizable as a motion for relief from judgment under *Gonzalez*, the District Court may and indeed must analyze it under Rule 60(b). *Pro se* pleadings are to be construed liberally in favor of the *pro se* litigant. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

This Court denied Eziolisa's First § 2255 Motion on initial review under Rule 4 of the Rules Governing § 2255 Cases, finding that it was barred by his waiver of collateral attack in ¶ 17 of the Plea Agreement (Doc. No. 24, PageID 59)(See Report and Recommendations, Doc. No. 44; Supplemental Report and Recommendations, Doc. No. 46; Entry Adopting, Doc. No. 48). That issue was raised by the Court *sua sponte*, and not by the United States Attorney.

Eziolisa now presents the Court with at least prima facie evidence that enforcing his waiver may no longer be consistent with Department of Justice policy. He attaches to his Motion a copy of an October 14, 2014, Memorandum from Deputy Attorney General James Cole to all federal prosecutors which provides in part

> Federal prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal. For cases in which

3

> a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

(Doc. No. 77, PageID 350.)

Given that the Court would be required to transfer the case to the Court of Appeals if it were treated as Eziolisa labeled it but could decide it if it were properly construed as a Rule 60(b) motion, the Magistrate Judge ordered the United States to respond to Eziolisa's instant § 2255(f)(4) Motion by stating

1. Whether the United States objects to the Court's treatment of that Motion as having been made under Fed. R. Civ. P. 60(b).

2. If not, then any objections the United States has to the granting of relief from the prior judgment and this Court's proceeding to consider Eziolisa's ineffective assistance of trial counsel claims on the merits.

The United States has now filed a Response. In the first place, the United States does not object to the Court's construing the document as a Rule 60(b) motion and deciding it on that basis (Response, Doc. No. 79, PageID 357). The Magistrate Judge's analysis will therefore proceed under Fed. R. Civ. P. 60(b). If Eziolisa objects to that characterization of his Motion, of course this Court will transfer the case to the Court of Appeals for determination of whether or not it can proceed. Section 2255(f)(4) provides an alternative start date for the statute of limitations on 2255 motions; it does not provide an exception to the limitation on second or successive § 2255 motions.

Rule 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

In the Motion Eziolisa urges the Court to treat the Deputy Attorney General's Memorandum as a "new fact" which entitles him to a merits ruling on his ineffective assistance of counsel claim (Motion, Doc. No. 77, PageID 344). However, newly-discovered evidence that will satisfy Rule 60(b)(2) is evidence that existed at the time the judgment was entered, but has been recently discovered by the litigant. In any event, under Fed. R. Civ. P. 60(c), a one-year time limit exists on filing a motion under Fed. R. Civ. P. 60(b)(2) and that one year expired September 19, 2012 (See Doc. No. 48). Eziolisa's instant Motion was not filed until January 30, 2015 (Doc. No. 77). The one-year time limit on a 60(b)(2) motion is jurisdictional. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006), cited with approval in *Mitchell v. Rees II,* 261 Fed. Appx. 825, 2008 U.S. App. LEXIS 927 (6th Cir. 2008).

Rule 60(b)(6) is the only possible subsection applicable to Eziolisa's claim. The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court "to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009), *quoting Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund,* 249 F.3d 519, 529 (6th Cir. 2001). Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal quotation marks omitted).

Motions seeking extraordinary relief under this subsection must be brought within a reasonable time after judgment. Fed. R. Civ. P. 60(c)(1); *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). The Magistrate Judge finds Eziolisa filed the instant Motion in a timely manner after the Department of Justice policy changed.

Although the Motion is timely, the Court should not grant Eziolisa relief from judgment under Rule 60(b)(6). The initial denial of relief in this case was based on Eziolisa's express waiver of the right to attack his conviction on appeal or collateral attack. The Sixth Circuit has upheld the validity of waivers of collateral attack such as that agreed to be Eziolisa in this case. *Hardin v. United States,* 2014 U.S. App. LEXIS 23258, *3, citing *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The Deputy Attorney General's Memorandum embodies a change in Department of Justice policy, not a change in the law that renders prior waivers of collateral attack invalid.

Even if the Sixth Circuitwere to overrule this precedent, Eziolisa would not be entitled to relief. A change in decisional law is usually not, by itself, an extraordinary circumstance.

6

*Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), citing *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). *A fortiori*, a change in Department of Justice policy for seeking and enforcing waivers such as the one Eziolisa agreed to would not be a basis for reopening the judgment.

Moreover, Eziolisa has suffered no injustice here. This Court has previously ruled that his ineffective assistance of trial counsel claim related to the counting of his two prior misdemeanor convictions was without merit because Judge Rose, at Eziolisa's counsel's urging, eliminated the points associated with those convictions. (Doc. No. 60, PageID 284.) The lack of merit of that claim is now the law of the case, since the Sixth Circuit denied a certificate of appealability on this claim (Doc. No. 76).

In sum, the Department of Justice's new policy provides no occasion for this Court to reexamine its prior decisions on both the validity of Eziolisa's waiver of collateral attack or the merits of his ineffective assistance of trial counsel claim.

The new § 2255 Motion, construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6), should be DENIED.

February 18, 2105

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).