# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:10-cr-039
                                            Also 3:11-cv-236

                                            District Judge Thomas M. Rose
   -  vs  -                                 Magistrate Judge Michael R. Merz

CHUKWUEMMEKA O. EZIOLISA,

                Defendant.      :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

       This case is before the Court on Defendant's Reply Brief (Doc. No. 81) in support of his "Motion to Grant § 2255(f)(4)." (Doc. No. 77.)  The Reply Brief was mailed March 4, 2015 (Doc. No. 81, PageID 382).

       On February 18, 2015, the Magistrate Judge filed a Report and Recommendations (Doc. No. 80) recommending that the Motion to Grant § 2254, construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) be denied.  Eziolisa's time to object to the Report expired under Fed. R. Civ. P. 72(b) on March 9, 2015.  Instead of filing objections, Eziolisa filed his Reply Brief which purports to be in response to the Government's Opposition to his Motion to Vacate (Government's Response, Doc. No. 79); (Reply to Response, Doc. No. 81, PageID 379).  Judge Rose recommitted the matter with instructions to consider the merits of the Reply Brief (Doc. No. 82).

1

In the Reply Brief, Eziolisa agrees that his Motion to Vacate should be treated as a Rule 60(b) motion (Doc. No. 81, PageID 378-79). However, he makes no response to the Rule 60(b) analysis made in the Report and Recommendations. Instead, he proceeds to argue directly the merits of his ineffective assistance of trial counsel claim. *Id.* at 379-80.

The Report's analysis of the Rule 60(b) issues remains unchallenged. It is essentially that Deputy Attorney General Cole's 2014 instruction to United States Attorneys about future treatment of waivers in plea agreements of collateral attacks on effective assistance of trial counsel is not a change in the law, but a change in Department of Justice policy. The United States Attorney, were he presently negotiating a plea agreement with Eziolisa, would, following departmental policy, not seek such a waiver. But that does not make waivers entered in the past retroactively illegal. In any event, it directs non-enforcement of past waivers only if the United States Attorney concedes ineffective assistance of trial counsel which the Government does not do in this case. It is therefore again respectfully recommended that the Motion to Vacate, construed as a Rule 60(b)(6) motion, be DENIED.

But even if the Rule 60(b)(6) motion were granted, Eziolisa would not be entitled to relief. The Court previously ruled on the merits that Eziolisa did not receive ineffective assistance of trial counsel because Judge Rose, at Eziolisa's attorney's instance, eliminated the Guideline criminal history points associated with the prior convictions (Doc. No. 60, PageID 284). For this reason as well, relief should not be granted.

**Conclusion**

Because reasonable jurists would not disagree with these conclusions, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any

appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 11, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).