# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:10-cr-39 |
| v. | : | Judge Thomas M. Rose |
| CHUKWUEMEKA EZIOLISA, | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER DENYING "MOTION REQUESTING RELIEF UNDER 'COVID 19 CARES ACT'" (DOC. 95)

---

This case is before the Court on Defendant's "Motion Requesting Relief Under 'COVID 19 CARES Act'" (Doc. 95) (the "Motion"), filed *pro se* by Defendant Chukwuemeka Eziolisa ("Eziolisa"). Eziolisa is currently incarcerated at FCI [Federal Correctional Institution] Milan in Michigan. Eziolisa was subsequently appointed counsel (Doc. 96), who indicated to the Court that no supplemental motion would accompany Eziolisa's *pro se* motion. (Doc. 97.) The United States (the "Government") has filed a response in opposition to the Motion. (Doc. 98.) The matter is ripe for review.

In the Motion, Eziolisa asks the Court to be "release[d] to home confinement." (Doc. 95 at PAGEID #423.) In support of his Motion, Eziolisa relies on the First Step Act, as broadened by the passage of the CARES Act[1] in response to the COVID-19 pandemic. Eziolisa clarifies that he "do[es] not have any underlined [sic] medical issues, hence do not qualified [sic] for compassionate relief." (*Id.* at PAGEID # 422.)

---

[1] The CARES Act is the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).

1

The Court lacks the authority to order Eziolisa to home confinement. It is the Bureau of Prisons ("BOP") that has the authority to determine the place of a defendant's confinement, not the courts. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment … [a]ccordingly, the district court did not err in concluding that it could not split [defendant's] mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP").

The CARES Act did not change this fact. *See* CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2)[2]; *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *United States v. Rocha-Ayon*, No. 2:17-cr-48, 2020 U.S. Dist. LEXIS 80616, at *1-2 (S.D. Ohio May 7, 2020) (denying defendant's motion to order the BOP to permit him to serve the remainder of his sentence on home confinement, and collecting cases); *United States v. Ralston*, No. 3:13-cr-105, 2020 U.S. Dist. LEXIS 89106, at *2-3, 2020 WL 2600976 (W.D. Ky. May 21, 2020) (explaining that the

---

[2] That provision states: "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."

CARES Act expanded the period of home confinement that the Director of the BOP can authorize for a prisoner during the COVID-19 emergency period, finding that courts have no authority under the CARES Act to order that a prisoner be placed on home confinement, collecting cases, and explaining how a prisoner may be able to seek court review of the BOP's decision but would first need to exhaust administrative remedies).  Therefore, Eziolisa's request to be placed on home confinement is misplaced, and the Motion must be denied.

For the reasons stated above, the Court **DENIES** the Motion Requesting Relief Under the "COVID 19 CARES Act" (Doc. 95).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, September 29, 2020.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
